Thelma L. STOVALL, Commissioner of Labor (Special Fund), Appellant,

v.

Bobbie A. SWANSON, Central States Veneers, Inc., and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Aug. 31, 1984.

Case Ordered Published by Court of Appeals Oct. 19, 1984.

Discretionary Review Denied by Supreme Court Jan. 9, 1985.

Douglas A. U'Sellis, Dept. of Labor, Louisville, for appellant.

William E. Taylor, Paducah, for appellee, Bobbie Swanson.

George R. Effinger, Paducah, for appellee, Central States Veneers, Inc.

Before COMBS, DUNN and WHITE, JJ.

WHITE, Judge.

The Special Fund appeals an Order of the McCracken Circuit Court which affirmed the Workers' Compensation Board's finding that appellee Bobbie Swanson was 100% occupationally disabled and which proportioned liability for that disability 100% on the Special Fund and 0% on the employer, appellee Central States Veneers. Only the apportionment of the award is at issue.

Appellee Bobbie Swanson sustained a fall at work on December 7, 1981. The back injury itself caused her only temporary damage; however, it served to trigger a major depressive episode which now leaves appellee totally occupationally disabled, prognosis of recovery uncertain. Prior to the injury, appellee had no occupational disability and had continuously supported her family. The Workers' Compensation Board awarded total temporary disability from December 7, 1981, until April 23, 1982, plus past and future medical expenses against the appellee Central States Veneers but found all the permanent disability to have resulted from the arousal of an underlying, dormant, mental condition and assessed liability for the total permanent award against the Special Fund.

The appellee Bobbie Swanson has participated in the appeal to the Circuit Court and now to this Court in a protective posture only, pointing out in each case that no challenge to the finding of total disability has been raised by either the employer or the Special Fund. The appellant Special Fund argues that there is no evidence in the record that supports the Board's finding that appellee had a preexisting, dormant condition at all. Alternatively, it argues that some of the liability should be apportioned to the employer. The second argument has no merit, for if any evidence supports the Board's decision that a preexisting disability exists, then we cannot disturb their findings on apportionment.

The Board discusses in its findings the testimony of three doctors, Dr. Joseph Bassie, who first recognized the psychiatric implications of the appellee's injury and

referred her to other doctors, and psychiatrists Dr. Kelley and Dr. Smith (appointed pursuant to KRS 342.121). The Board obviously bases all of its findings concerning appellee's mental condition on the testimony of the psychiatrists. However, both Dr. Kelley and Dr. Smith specifically deny that appellee had a dormant nondisabling psychiatric condition prior to the injury she sustained on December 7, 1981. In particular, Dr. Kelley states that if appellee had not sustained the trauma of the fall, she would not have been disabled at all from a psychiatric standpoint.

The appellant relies on the case of *Yocom v. Jackson*, Ky.App., 554 S.W.2d 891 (1977), for the position that absent a preexisting nondisabling neurosis which becomes disabling following a subsequent injury, liability as a matter of law cannot be imposed on the Special Fund for mental disability resulting from a work-related physical accident. The court states on page 896: "... this court concludes that it must be reasonably foreseeable that the abnormality may become disabling to some degree as a result of the ordinary stresses of everyday life over the employee's expected work life

before it can be considered a dormant condition within the meaning of KRS 342.120."

The stress factors cited by the psychiatrists that existed in appellee's life to explain the appellee's inability to function after her injury are not disabling in and of themselves; in fact, many functioning human beings presently have or have overcome similar hardships. To attempt to label these stresses of living as preexisting conditions that would trigger liability of the Special Fund is to stretch the meaning of the statute far beyond what was contemplated by the Legislature.

We therefore reverse the decision of the McCracken Circuit Court and remand for entry of an order assessing 100% of the liability for appellee's permanent disability to the appellee Central States Veneers, Inc., and dismissing the Special Fund.

All concur.